IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF NORTH CAROLINA
WESTERN DIVISION

No. 5:19-CR-284-FL-1

| UNITED STATES OF AMERICA, | ) | |
| --- | --- | --- |
| | ) | |
| v. | ) | ORDER |
| | ) | |
| KURT COLLINS, | ) | |
| Defendant. | ) | |

This matter comes before the court on defendant's motion for early termination of supervised release, filed November 7, 2019. (DE 4). On November 20, 2019, the government filed its response in opposition to the motion, wherein it discussed certain sensitive medical information pertaining to defendant's health. (See Sealed Response (DE 6) at 4 n.1).

There is no specific provision in the Federal Rules of Criminal Procedure prohibiting disclosure of a defendant's medical records. However, "[t]he court may order that a filing be made under seal without redaction. The court may later unseal the filing or order the person who made the filing to file a redacted version for the public record." Fed. R. Crim. P. 49.1(d). In addition, "[f]or good cause, the court may by order in a case: require redaction of additional information" not expressly given solicitude under the rules. Fed. R. Crim. P. 49.1(e)(1).

"[T]he sensitivity of medical information routinely has been recognized by the courts and has served as a basis for granting motions to seal." See Boone v. Board of Governors of the University of North Carolina, 395 F. Supp. 3d 657, 665 (M.D.N.C. 2019) (finding that plaintiff and defendant demonstrated a sufficiently compelling interest in preserving the confidentiality of

plaintiff's "sensitive medical information"); Melvin v. United States, No. 5:16-CV-73-FL, 2017 WL 5573193, at *3 (E.D.N.C. Nov. 20, 2017) (finding that records containing confidential information about the plaintiff's medical condition and treatment should be sealed).

Where it appears to the court defendant's privacy interest outweighs the common law presumption of access to court records, and where, at least temporarily, less drastic methods are not available to protect defendant's privacy interest in his medical information, the government's response in opposition to defendant's motion is SEALED until further order of the court. Not later than December 10, 2019, the government is ORDERED to confer with defense counsel to ascertain whether defendant believes this sensitive information should be sealed. By December 10, 2019, the government is FURTHER ORDERED to either file a motion to permanently seal the response, with a redacted version of the response to be filed on the public docket, or to alternatively file a notice certifying that the defendant believes the response may be unsealed.

Where defendant's motion has been briefed, and the issues raised therein are ripe for disposition, the court NOTICES the instant motion for hearing in New Bern on Tuesday, December 17, 2019, at 10:00 a.m..

SO ORDERED, this the 25th day of November, 2019.

_____
LOUISE W. FLANAGAN
United States District Judge